**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SARWAN SINGH, | No. 05-73248 |
| Petitioner, | Agency No. A096-144-299 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010 [**]

Before:      BEEZER, TROTT, and BYBEE, Circuit Judges.

Sarwan Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

("IJ") decision denying his application for asylum, withholding of removal, and

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

AR/Research

protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the IJ's adverse credibility determination, *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002), and deny the petition for review.

Even though the IJ erred in her one-year time bar finding, *see Cinapian v. Holder*, 567 F.3d 1067, 1073 (9th Cir. 2009) ("Where . . . the government alleges an alien's arrival date in the Notice to Appear, and the alien admits the government's allegation before the IJ, the allegations are considered judicial admissions rendering the arrival date undisputed."), substantial evidence supports the IJ's adverse credibility determination because Singh failed to establish sufficiently and affirmatively his identity, *see Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (affirming negative credibility finding based on, *inter alia*, discrepancies regarding identity), and because the IJ made a specific and cogent demeanor finding, *see Arulampalam v. Ashcroft*, 353 F.3d 679, 686 (9th Cir. 2003). In the absence of credible testimony, Singh failed to establish eligibility for asylum or withholding of removal. *See Farah*, 348 F.3d at 1156.

Singh waives any challenge to the IJ's denial of relief under the CAT by failing to argue it in his opening brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

**PETITION FOR REVIEW DENIED.**